# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| Z-MAN FISHING PRODUCTS, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 2:12-cv-2906-DCN |
| vs. | ) ) ) | **ORDER** |
| JOSEPH F. RENOSKY, *et al.,* | ) ) | |
| Defendants. | ) ) | |

This matter is before the court on a motion to dismiss the amended complaint brought by defendants Joseph Renosky and Renosky Lure, Inc. (collectively, "Renosky"). For the reasons set forth below, the motion to dismiss is denied.

On October 10, 2012, plaintiffs Z-Man Fishing Products, Inc. and Holding One, Inc. (collectively, "Z-Man") filed a complaint for declaratory relief against Renosky. Renosky moved to dismiss the complaint and, in response, Z-Man amended its complaint on November 5, 2012. In the amended complaint, Z-Man seeks a declaration that its FlashBack® fishing lure has not infringed and does not infringe Renosky's bendable fishers lure patent, U.S. Patent No. 7,104,004 (the '004 Patent). Z-Man also seeks a declaration the claims of the '004 patent are invalid.

Renosky moved to dismiss the amended complaint on the basis that this court cannot exercise either personal or subject matter jurisdiction over it. The court held a hearing on Renosky's motion on December 13, 2012. Renosky conceded at the hearing that this court has personal jurisdiction over it. For this reason, this order only addresses the question of subject matter jurisdiction.

1

Renosky contends that the amended complaint should be dismissed because it does not plead facts that establish subject matter jurisdiction under the Declaratory Judgment Act.

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201.  Courts determining whether a declaratory judgment action satisfies the "actual controversy" requirement must employ a totality of the circumstances test that analyzes "whether the facts alleged, under all the circumstances, show that there is a *substantial controversy*, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (internal citations omitted) (emphasis added).  The Federal Circuit has held that:

> In the context of conduct prior to the existence of a license, declaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee. But Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do.

SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1380-81 (Fed. Cir. 2007).

The amended complaint alleges that Renosky expressly charged Z-Man with infringement of the '004 patent, specifically, that Renosky's attorney told Z-Man's attorney "that it is [Renosky's] position that [Z-Man has] infringed and [is] infringing the '004 patent by selling in the United States certain fishing lures, including Z-Man's FlashBack® lure."  Am. Compl. ¶ 8.a.  During the same conversation, Renosky's

2

attorney allegedly "offered a license to the '004 patent" to Z-Man.  Id.  Renosky disputes the characterizations in the amended complaint.  Renosky instead suggests that its attorney merely offered a royalty-free license for the '004 patent "to avoid any uncertainties" because Renosky was unsure whether the FlashBack® lure was infringing.  Def.'s Mem. in Support of Mot. for Summ. J. 3.  At the hearing, attorneys for both parties admitted that the statement in question took place in the context of settlement negotiations relating to a patent infringement lawsuit currently pending before another judge in this district.[1]

Construing the facts in the light most favorable to Z-Man, as the court must do on this motion to dismiss, the amended complaint sufficiently alleges a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality.  The amended complaint states that Renosky accused Z-Man of patent infringement and that Z-Man disputes such a claim.  The parties dispute the content of Renosky's licensing offer to Z-Man, and Renosky's version of the facts may very well end up being most accurate.  However, at this stage in the litigation, the allegations contained in the amended complaint are enough to establish the court's jurisdiction.

For the foregoing reasons, Renosky's motion to dismiss the amended complaint, ECF No. 11, is **DENIED**.  Renosky's motion to dismiss the initial complaint, ECF No. 6, is **DENIED AS MOOT**.

**AND IT IS SO ORDERED**.

---

[1] The propriety of bringing a lawsuit on the basis of a statement made during confidential settlement negotiations is not squarely before the court and is, therefore, a matter for another day.

_____

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 14, 2012**
**Charleston, South Carolina**

4